UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CR-00767 HEA ) |
| ALPHONZO TAYLOR, | ) ) ) |
| Defendant. | ) |

## **THE UNITED STATES OF AMERICA'S MOTION FOR UPWARD VARIANCE**

The United States of America respectfully requests that this Court vary upward and sentence the Defendant, Alphonzo Taylor ("Defendant") to 96 months imprisonment for the following reasons:

## **INTRODUCTION**

While every felon in possession of a firearm case addresses a dangerous crime, this case is particularly egregious because the Defendant's conduct threatened the lives of multiple people. The Defendant's actions in firing a gun both on a busy highway and into homes in a residential neighborhood should result in an upward variance. Here, an upward variance is necessary in order to comply with the purposes and considerations set forth in 3553(a).

The Defendant's violent criminal history and refusal to cease his violent conduct and firearm possession, even while on parole, suggests blatant disrespect for the law and the lives of others. Considering the serious nature of the Defendant's crimes, his criminal history, the acute danger the Defendant's crimes pose to the public, and the need to adequately deter the Defendant from committing any further crimes, an above-guidelines sentence is necessary.

Consequently, due to the special nature of this case, the Government requests an upward variance and a sentence of 96 months.

1

**STATEMENT OF FACTS**

I. **The Defendant will plead guilty to possessing a firearm and ammunition in connection with exhibiting and discharging a firearm at a motor vehicle and a residence.**

On January 19, 2022, the Defendant will plead guilty to Counts One and Two of the Indictment, admitting to possessing a firearm on July 20, 2020 and possessing ammunition on July 12, 2020.

On July 9, 2020, a woman reported that she saw the Defendant driving very fast down her street and that he almost hit a child as he pulled into the yard next to her home. Guilty Plea Agreement ("Plea") at 5. The woman reported that she yelled at the Defendant for his actions, at which time the Defendant reached into his car, pulled out a black pistol and threatened to shoot the woman. *Id*. The woman returned to her home and called the Hazelwood Police Department. *Id*.

On July 12, 2020, the woman saw the Defendant return to the area. *Id*. As a result, the woman went outside to take a picture of the Defendant's car, to provide to police. *Id*. The Defendant exited the home next to the woman's home, holding a gun in his hand. *Id*. After seeing the gun, the woman ran back to her home, and, as she ran inside, she heard a gunshot. *Id*. Her storm door, which was open, was hit by a bullet, causing it to shatter. *Id*. The Defendant got into his car and fled the area. *Id*.

Law enforcement responded and located a .45 caliber cartridge casing on the front porch of the home from which the Defendant had exited. *Id*. Hazelwood police officers further investigated and learned that the bullet that shattered the woman's storm door traveled through her storm door and into a nearby home. *Id*. The bullet went through the siding of the home, into a bedroom, and lodged in a dresser, near a bed where someone had been sleeping. *Id*.

On July 20, 2020, the St. Louis County Police Department ("SLCPD") received multiple 911 calls and a ShotSpotter notification of shots being fired in the area Highway 367 and New Jamestown. Plea at 3. 911 callers described what appeared to be individuals in two different vehicles shooting at each other while on the highway. *Id*. A witness described seeing two men exit a Pontiac Grand Am, after crashing it into an overpass, and observed one of the men fire a handgun toward another vehicle. Plea at 4. Officers located the Defendant near the area, but when told to stop, the Defendant ran from the officers. *Id*. Shortly thereafter, officer located the Defendant attempting to enter a home. *Id*. The Defendant surrendered and was in possession of a .45 caliber Glock pistol.

A firearms examiner examined the .45 caliber ballistic cartridge casing seized on July 12, 2020 and the three .45 caliber ballistic cartridge casings seized on July 20, 2020. Plea at 6. The firearms examiner compared the four .45 caliber ballistic cartridge casings to the .45 caliber Glock firearm seized from the Defendant on July 20, 2020 and determined that all four ballistic cartridge casings were fired from the .45 caliber Glock firearm the Defendant possessed on July 20, 2020. *Id*. As such, it is clear that the Defendant fired the Glock firearm on both dates, endangering countless lives.

## II.     The Defendant has a violent criminal history.

The Defendant pled guilty to Robbery in the Second Degree on May 25, 2017. PSR at ¶ 37. According to the PSR, the robbery involved an armed carjacking. *Id*. At the time of the instant offense, the Defendant was on parole for this robbery and his parole was subsequently revoked. *Id*. This conviction is crime of violence, pursuant to U.S.S.G. § 4B1.2 PSR at ¶ 25.

## **LEGAL STANDARD**

Section 3553(a) sets out the sentencing factors for the Court to consider:

3

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed shall consider—
>
> 1. The nature and circumstances of the offense and the history and characteristics of the defendant;
> 2. The need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct; [and]
>    (C) to protect the public from further crimes of the defendant.
>    * * *

18 U.S.C. § 3553(a).

As to Count One, the Defendant may be sentenced to a term of imprisonment up to ten years. 18 U.S.C. § 924(a)(2).

## ARGUMENT

The Government seeks an upward variance to sentence the Defendant to 96 months due to the severity of the Defendant's illegal conduct, the danger the Defendant's conduct imposed on numerous individuals, and the Defendant's criminal history. A sentence of 96 months would best serve the purposes set forth in Section 3553(a).

### I. The serious nature of the offense, which endangered multiple people, justifies an upward variance.

The Defendant's firearm and ammunition possession uniquely enhanced the danger to others and the serious nature of his offense. The Defendant's firearm and ammunition possession was in no way routine. First, the Defendant fired a shot into a home, over a dispute about driving too fast. Second, the Defendant engaged in what appears to be a gun battle whilst on a busy highway. Because of the serious nature of the offense, an upward variance should be imposed under 18 U.S.C. § 3553(a)(1) and (a)(2)(A).

In this case, the seriousness of the Defendant's offenses is heavily impacted by the significant danger the Defendant created for multiple individuals. The guidelines do not take into

4

account the most serious aspect of the Defendant's conduct. This is not a simple case wherein the Defendant was simply found to be in possession of a firearm. Rather, the evidence is clear that the Defendant engaged in violent, dangerous conduct when shooting a firearm at an individual and/or her home and at another vehicle. Countless people could have been struck by the Defendant's bullets and seriously injured, it not killed. Therefore, an upward variance is warranted to promote "respect for the law" and "provide just punishment." In *United States v. Brown*, the Eighth Circuit upheld a 41-month upward variance based, in large part, on similar conduct. 743 Fed.Appx. 708 (8th Cir. 2018). The district court judge noted "[p]ossession of a firearm by a felon committed in its simplest form is a status offense[,]" but in the defendant's conduct was far more serious than simple possession of a firearm, as the defendant discharged a firearm into a multi-family dwelling and a round went through the wall of an adjoining apartment. *Id*. at 710. The Eighth Circuit upheld the upward variance, finding that it was reasonable. *Id*. at 711. *See also United States v. Godfrey*, 863 F.3d 1099 (8th Cir. 2017) (holding discharge of a gun in close proximity to others was a reasonable factor in an upward variance).

In this case, the Defendant endangered the lives of multiple people not once, but twice. Thus, a 39-month upward variance is more than reasonable, based solely on the nature and circumstances of the offense.

## II. The Defendant's violent criminal history, including revocations of parole, justifies an upward variance.

Despite being only 23 years old, the Defendant has already committed a violent robbery. In 2017, at the age of 18, the Defendant pled guilty to Robbery in the Second Degree, for his involvement in an armed carjacking. PSR at ¶ 37. The Defendant was sentenced to five years incarceration. *Id*. As part of a plea agreement, the charges were amended from Robbery in the First Degree to Robbery in the Second Degree, avoiding a ten-year minimum sentence. *Id*. The

Defendant had poor conduct while in custody and had multiple violations of his parole, culminating in the revocation of his parole. *Id*. While on parole for this violent carjacking, the Defendant continued to engage in violent conduct, as evidenced by his conduct in this case. While the guidelines account for the Defendant's prior conviction and his status on parole, the violent nature of his prior conviction, coupled with his continued violent conduct support an upward variance.

> **III.   The need for adequate deterrence of the Defendant's criminal conduct warrants an upward variance.**

An upward variance would most properly address the purpose of adequate deterrence in Section 3553(a)(2)(B). In other words, serious offenses like the Defendant's warrant a serious sentence. Especially in cases such as the Defendant's, where he has already received and served prison sentences, deterrence requires increasing lengths of incarceration.

As discussed above, the Defendant appears not to be affected by his prior violent felony conviction. The Defendant was sentenced to a less serious offense and sentenced to only five years incarceration. He was given the opportunity at parole, and rather than make positive changes, the Defendant continued to engage in violent conduct. Clearly, prior leniency in state court has not resulted in improved behavior or respect for the law. Instead, the Defendant's actions make clear that he has little to no respect for the law or the safety of others. A sentence of significant duration appears to be required to promote adequate deterrence from his future criminal conduct.

> **IV.   An upward variance is justified to protect the public from further crimes committed by the Defendant.**

As discussed above, nothing has stopped the Defendant from committing violent crimes. He has subjected the public to immense danger from his criminal conduct. Given the dangers posed to the community by the Defendant's conduct, an upward variance is justified for the Section 3553(a)(2)(C) purpose of "protect[ing] the public."

## CONCLUSION

For each of the above reasons, the Court should conclude that in order to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of Title 18, United States Code, Section 3553(a)(2), a sentence above the guideline range is required. From the guideline sentence of 46 to 57 months, the Court should impose an upward variance to reflect the Defendant's violent conduct, disregard for the safety of others, violent criminal history, and the continued threat to the public that he poses. The Court should impose a sentence of 96 months.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Jennifer L. Szczucinski*
JENNIFER L. SZCZUCINSKI, #56906MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri  63102
Jennifer.Szczucinski@usdoj.gov
Telephone: (314) 539-2200
Facsimile: (314) 539-3887

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

All Attorneys of Record.

*/s/ Jennifer L. Szczucinski*
JENNIFER L. SZCZUCINSKI, #56906MO
Assistant United States Attorney